MEMORANDUM *
Defendant-Appellant Javier Contreras-Aguilar (“Aguilar”) appeals his conviction for the possession of 100 kilograms or more of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Aguilar argues that the district court erred in failing to suppress over 1800 pounds of marijuana that federal agents seized during warrant-less searches of two motor homes, one of which was registered to Aguilar. For the reasons discussed below, we affirm.
1. Under the “vehicle exception” to the warrant requirement, government officials may validly search a defendant’s vehicle without first obtaining a warrant, provided that the search is supported by probable cause. See California v. Carney, 471 U.S. 386, 390, 394, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985) (citing Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)). In Carney, the Supreme Court suggested a non-exclusive list of factors that are relevant to the determination whether the vehicle exception applies to a motor home located in a place, such as a eampground, typically used for temporary residential purposes. See id. at 394 n. 3, 105 S.Ct. 2066. Those factors are “[the vehicle’s] location, whether the vehicle is readily mobile or instead, for instance, elevated on blocks, whether the vehicle is licensed, whether it is connected to utilities, and whether it has convenient access to a public road.” Id.
In this case, only the location where the motor homes were situated, a designated campsite at a public campground, weighs in favor of finding that a search warrant was required. Each of the other factors support a finding that Aguilar and his companions were using the motor homes as vehicles, to which the vehicle exception would apply. The motor homes were readily mobile, as evidenced by the fact that they had been driven to and from the campground on three consecutive weekends. The motor homes were not elevated on blocks, nor were they attached to utilities. In addition, the motor homes were licensed, and the campsite where they were parked was adjacent to a public road. Although this is a close case, we hold that the location of the motor homes, without more, is insufficient to outweigh the other objective indications that Aguilar and his companions were using the motor homes as vehicles. We therefore also hold that the vehicle exception applied to the relevant searches in this case and that no warrant was required. See United States v. Albers, 136 F.3d 670, 673 (9th Cir.1998) (holding the vehicle exception applied to a houseboat floating on a lake in a national recreation area).
2. The officers had sufficient probable cause to search the motor homes. *738 See id. at 674 (noting that a search made pursuant to the automobile exception must be supported by probable cause). Probable cause exists “where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.” Ornelas v. United States, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Where, as here, agents rely primarily on information provided by an informant, a court evaluates the informant’s veracity and basis for knowledge under the “totality of the circumstances” to determine whether information provided by an informant establishes probable cause. See United States v. Angulo-Lopez, 791 F.2d 1394, 1396-97 (9th Cir.1986). “Citizen informants, while not carrying the same presumption of reliability as police officers, nevertheless require less evidence to establish their veracity than criminal informants. A citizen informant’s veracity may be established by the absence of an apparent motive to falsify and independent police corroboration of the details provided by the informant.” Id. at 1397 (internal citations omitted).
In this case, an analysis of the “totality of the circumstances” demonstrates that citizen-informant Chad Marshall’s information was sufficiently trustworthy to support a reasonable belief that the motor homes contained illegal narcotics. Marshall had no apparent motive to lie, his tip was not anonymous, and his report was based on firsthand knowledge. Moreover, two facts corroborated the details of Marshall’s story. First, Border Patrol Agent Simone’s canine alerted to the back of the Southwind motor home before Simone searched the vehicle. See United States v. Cedano-Arellano, 332 F.3d 568, 573 (9th Cir.2003) (per curiam) (“[T]he ‘alert’ by the certified, reliable narcotics detector dog was sufficient, even by itself, to support a finding of probable cause.”) (citing United States v. Lingenfelter, 997 F.2d 632, 639 (9th Cir.1993)).
Second, the occupants of the Bounder motor home acted suspiciously when the officers arrived at the scene. See Cedano-Arellano, 332 F.3d at 573 (noting that the defendant’s “nervousness and evasiveness” is a legitimate consideration in a probable cause analysis). Upon the officers’ arrival, one of the Bounder’s occupants immediately ran into the Bounder and attempted to shut its cabin door. This same individual subsequently lied to the officers about the number of persons inside the Bounder. In addition, all of the Bounder’s occupants were slow to exit the vehicle. This evasive behavior, particularly the first occupant’s prevarication, is consistent with that of individuals who are harboring or attempting to hide contraband. The occupants’ conduct therefore confirmed the gravamen of Marshall’s report.
In sum, both the positive canine alert and the suspicious behavior of the motor home occupants corroborated Marshall’s report of suspected illegal narcotics activity. The report, combined with these corroborating facts, was therefore sufficient to establish probable cause.[1]
AFFIRMED.

 This disposition is not appropriate * for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because we hold that the automobile exception applies here and the officers had probable cause to conduct the relevant searches, we do not address the government's alternative argument that the searches were valid as protective sweeps.